U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR 24 PM 12:06

CLERK
BY ⟨signature⟩
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| GEORGE E. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00008 |
| ) | |
| STATE OF VERMONT, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND GRANTING IN PART AND DENYING IN PART LEAVE TO AMEND**
(Docs. 118 & 150)

On February 2, 2022, Plaintiff George E. Woods, who is self-represented, filed a Complaint alleging violations of his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and seeking nominal, compensatory, and punitive damages as well as injunctive relief to prevent the alleged ongoing violations of his rights. (Doc. 5.) On February 28, 2023, the Magistrate Judge issued a Report and Recommendation (the "R & R") (Doc. 150), in which he recommended the court grant the motion to dismiss filed by Defendants State of Vermont, the Vermont Department of Health (the "DOH"), the Vermont Department of Corrections (the "DOC"), and DOC Commissioner Nicholas Deml and former DOC Commissioner James Baker in their official and individual capacities (collectively, "Defendants"). (Doc. 118.) Neither party has filed an objection to the R & R, and the deadline for doing so has expired.

Plaintiff is self-represented. Defendants are represented by Assistant Attorneys General David A. Boyd and Elizabeth M. Tisher.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R.

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-eight-page R & R, the Magistrate Judge carefully analyzed the factual allegations and potential causes of action in Plaintiff's Complaint and correctly recommended the court grant Defendants' motion to dismiss for failure to state a claim because none of the Defendants in their official capacities are "persons" under 42 U.S.C. § 1983; sovereign immunity bars Plaintiff's claims for monetary damages against the State and its officers in their official capacities; and sovereign immunity bars injunctive relief against the DOC. *See* Fed. R. Civ. P. 12(b)(1).

The Magistrate Judge further recommended dismissal of Plaintiff's remaining claims pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to allege the personal involvement of Defendants in the alleged constitutional violations; failed to plausibly allege that the challenged DOC policies were not reasonably related to legitimate penological interests; and failed to plausibly allege the essential elements of claims for violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. The court agrees with these conclusions and adopts them in their entirety.

## LEAVE TO AMEND

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As the Magistrate Judge properly concluded, leave to amend would be futile with respect to those claims which are barred by sovereign immunity. Better pleading will not cure these deficiencies. The court, however, GRANTS IN PART leave to amend the remaining claims. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Amended Complaint by April 28, 2022, or this case will be dismissed**.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R & R (Doc. 150), GRANTS the motion to dismiss (Docs. 118), DISMISSES Plaintiff's Complaint, and GRANTS IN PART AND DENIES IN PART leave to amend.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of March, 2023.

Christina Reiss, District Judge
United States District Court